UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

NICHOLE COOTWARE,

                          Plaintiffs,

     -against-

SCORPIO MOTORS, LLC d/b/a
GREENWICH FORD,

                     Defendant.
-----------------------------------------------------------------------------

**COMPLAINT**

**Civil Action No.:**  1:22-cv-1149 (GLS/CFH)

**JURY TRIAL DEMANDED**

The Plaintiff Nichole Cootware, by her attorneys, Whiteman Osterman & Hanna LLP, as and for her Complaint in the above-captioned action, alleges as follows:

1.      This is an action brought pursuant to the Family Medical Leave Act, 29 U.S.C. § 2611, *et seq.* (hereinafter "FMLA"), seeking redress for interference and retaliation based upon Plaintiff's exercise of her rights under the FMLA; and under New York State Executive Law § 292 *et seq.* for a family status discrimination arising out of her termination of employment.

## PARTIES

2.      The Plaintiff Nichole Cootware was and is a citizen of the United States and is domiciled in the Town of Greenwich, County of Washington, State of New York.

3.      At that time of the alleged acts set forth herein, the Plaintiff Nichole Cootware was a protected person under the FMLA as she worked at least 1250 hours within a twelve-month period for the Defendant or the Defendant's predecessor-in-interest, Carmody Ford.

4.     The Defendant Scorpio Motors, LLC d/b/a Greenwich Ford is a domestic limited liability company authorized to do business and doing business in the State of New York.

5.     The Defendant Scorpio Motors, LLC d/b/a Greenwich Ford was an employer as that term is defined under the FMLA and is engaged in industry effecting commerce as it employed more than fifty regular employees for each working day during the twenty or more calendar weeks in the current year or preceding year.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 626(c), and 29 § 265(a).

7.     Venue is proper in this judicial district under 28 U.S.C. § 13919b) as the unlawful discriminatory practices occurred within the jurisdiction of this Court.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTIFF ALLEGES:

8.     The Plaintiff repeats and realleges paragraphs "1" through "7" of this Complaint as if set forth fully and completely herein.

9.     The Plaintiff was an eligible employee of Defendant under the FMLA, as she worked for at least twelve months with the Defendant or its predecessor-in-interest, Carmody Ford, and for at least 1250 hours of service within that twelve-month period.

10.     That the Defendant is an employor subject to the requirement of the FMLA.

11.     That the on or about December 28, 2021, the Plaintiff's minor daughter suffered from a serious health condition that required Plaintiff to take leave to care for her.

12.     That on or about December 28, 2021, the Plaintiff requested leave under the FMLA by requesting leave from the Defendant's General Manager Jason LaLonde.

13.     Defendant, through Mr. LaLonde, acknowledged the Plaintiff's request for FMLA and indicated that he would be seeking such leave for her.

14.     The Defendant failed to provide the Plaintiff all of her rights and obligations under the FMLA and interfere with such rights including, but not limited to, (a) failing to afford Plaintiff's leave as required by the Family Medical Leave Act to care for her minor daughter who had a serious health condition requiring the Plaintiff's care; and (b) discharging the Plaintiff on December 29, 2021, the day after the request for family medical leave was made, as a result of her exercising her rights under the Family Medical Leave Act.

15.     That such acts constitute a violation of the FMLA as interference of said rights and as a result, the Plaintiff has suffered economic, compensatory and liquidated damages, attorneys' fees, experts' fees, costs, and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTIFF ALLEGES:

16.     The Plaintiff repeats and realleges paragraphs "1" through "14" of this Complaint as if set forth fully and completely herein.

17.     That the Plaintiff exercised her rights protected under the FMLA by requesting leave under the FMLA for a qualified family member.

18.     That the Plaintiff was qualified for her position and remained qualified for her position at all times relevant herein.

19.     After the Plaintiff had requested FMLA leave for which she was qualified for, she was terminated on December 29, 2021.

20.     That the Plaintiff's termination on December 29, 2021 occurred under circumstances that gave rise to the inference of retaliatory intent, namely that she was

3

terminated the day after she was or should have been afforded rights under the FMLA and was exercising rights under the FMLA.

21.     As a result of the Defendant's retaliatory termination of her employment, the Plaintiff has suffered economic, compensatory and liquidated damages, attorneys' fees, experts' fees, costs and disbursements

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTIFF ALLEGES:

22.     The Plaintiff repeats and realleges paragraphs "1" through "20" of this Complaint as if set forth fully and completely herein.

23.     That Plaintiff is a mother to a minor child who resides with her in her household. As a result of being said mother with a minor child, she is a protected party under New York State Human Rights Law § 292(26), for her familial status.

24.     That the Defendant knew or should have known that the Plaintiff was a protected party under New York State Human Rights Law § 292(26).

25.     That the Plaintiff was terminated on December 29, 2021 under circumstances giving rise to an inference of discrimination, as she is a parent and was retaliated against based upon her familial status because, *inter alia*, that she was terminated due to the Defendant's belief that she would not be a reliable employee.

26.     As a result of said violation of New York Sate Human Rights Law § 292 *et seq.* on the basis of familial status, the Plaintiff has suffered damages in the form of economic and compensatory damages, attorneys' fees, experts' fees, emotional distress, and costs and disbursements of this action.

4

## JURY DEMAND

27.    The Plaintiff repeats and realleges paragraphs "1" through "26" of this Complaint as if set forth fully and completely herein.

28.    The Plaintiff Nichole Cootware respectfully demands a jury trial for all the claims alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiff Nichole Cootware prays this Court award her damages in the following amounts:

- A. Compensatory damages in the amount of Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00) on her First Cause of Action;

- B. Compensatory damages in the amount of Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00) on her Second Cause of Action;

- C. Compensatory damages in the amount of Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00) on her Third Cause of Action;

- D. Emotional distress damages in the amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00); and

- E. Attorneys' fees, experts' fees, and costs and disbursements of this action as well as for such other, further, and different relief as to this Court deems just and proper.

DATED:       November 3, 2022                    WHITEMAN OSTERMAN & HANNA LLP

Paul E. Davenport, Esq.
Bar Roll #: 103898
*Attorneys for Plaintiff*
*Nichole Cootware*
One Commerce Plaza
Albany, New York 12260
(518) 487-7657
pdavenport@woh.com